NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1146

BORGWARNER INC.,

Plaintiff-Appellee,

v.

DORMAN PRODUCTS, INC.,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of Michigan in case no. 09-CV-11602, Senior Judge John Corbett O'Meara.

ON MOTION

Before DYK, <u>Circuit Judge</u>.

<u>O R D E R</u>

Dorman Products, Inc. moves for a stay, pending appeal, of the preliminary injunction issued by the United States District Court for the Eastern District of Michigan, and requests expedited consideration of the motion.

Fed. R. App. P. 8(a)(1) requires that "[a] party must ordinarily move first in the district court for the following relief . . . a stay of the judgment or order of a district court pending appeal . . . ." Pursuant to Fed. R. App. P. 8(a)(2)(A), any movant filing such a motion with this court must "show that moving first in the district court would be impracticable . . . or state that, a motion having been made, the district court denied the motion or failed to afford the relief requested . . . ." Similarly, Fed. Cir. R. 8(d) requires that "[i]f an initial motion for a stay or injunction pending appeal was not made in the

district court under Federal Rule of Appellate Procedure 8(a)(1), movant must include in its motion in this court a statement explaining why it was not practicable to do so."

Dorman asserts that it was not practicable to file the motion first with the district court "because the January 5, 2010 Order is effective upon service on Dorman and the district court has ignored or dismissed all of the present grounds justifying the present Motion to Stay." Such assertions do not demonstrate that it would be impracticable to first ask the district court for a stay of the injunction. Application to the district court judge is particularly important in this instance so that the district court may consider the factors for granting an injunction as set forth by the Supreme Court in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006). Thus, we hold the motion in abeyance for 14 days to give Dorman an opportunity to promptly file the required motion in the district court and for the district court to consider the motion.

The parties should promptly inform this court of any action by the district court on the motion for a stay, and this court will thereafter set a due date for the response or any other necessary papers.

Accordingly,

IT IS ORDERED THAT:

The motion is held in abeyance for 14 days. The due date for filing a response to the motion is tolled until further order of the court.

FOR THE COURT

JAN 0 8 2010

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 0 8 2010

JAN HORBALY
CLERK

2010-1146                                    - 2 -

cc:    Steven W. Hays, Esq.
       Anthony S. Volpe, Esq.
       United States District Court, E.D. Mich.

s8

2010-1146                - 3 -